IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HC-4499 ACUSHNET AVENUE, LLC, | Case No.: |
| Plaintiff, | |
| vs. | |
| 4499 ACUSHNET AVENUE OPERATING COMPANY, LLC, VIBRA HEALTHCARE, LLC, and VIBRA HEALTHCARE II, LLC, | |
| Defendants. | |

## COMPLAINT

Plaintiff HC-4499 Acushnet Avenue, LLC ("**Landlord**") sues Defendants 4499 Acushnet Avenue Operating Company, LLC ("**Tenant**"), Vibra Healthcare, LLC ("**Vibra I**"), and Vibra Healthcare II, LLC ("**Vibra II**"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000, exclusive of interest, attorneys' fees, and costs.

2. This Court has diversity jurisdiction over this civil matter, pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship among the parties and the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4. Landlord has complied with all conditions precedent to the institution of this action, if any, the same have occurred, or the same have been waived by Defendants.

5.  Landlord has retained the law firm of Holland & Knight LLP to represent it in this matter and is obligated to pay its counsel a reasonable fee. Pursuant to Section 18(g) of the Lease Agreement, as defined below, Landlord is entitled to recover its reasonable attorneys' fees and costs in bringing these claims.

## PARTIES

6.  Landlord is a Delaware limited liability company. Landlord has one member, a Delaware limited partnership. That Delaware limited partnership has one general partner and one limited partner. The general partner itself has one general partner, Sila Realty Trust, Inc. ("SRT"), and one limited partner, whose sole member is SRT. The limited partner of Landlord's limited partnership has one member, which is a Delaware limited partnership. That limited partnership has one general partner, SRT, and one limited partner, whose sole member is SRT. SRT is a Maryland corporation with its principal place of business located in Hillsborough County, Florida.

7.  Tenant is a Delaware limited liability company, whose only member is, upon information and belief, Vibra I. Vibra I is a Delaware limited liability company, whose only members are, upon information and belief, citizens and residents of Pennsylvania.

8.  Vibra I is a Delaware limited liability company, whose only members are, upon information and belief, citizens and residents of Pennsylvania.

9.  Vibra II is a Delaware limited liability company, whose only members are, upon information and belief, citizens and residents of Pennsylvania.

## FACTUAL ALLEGATIONS

10. Landlord is the owner of the land and improvements located at 4499 Acushnet Avenue, New Bedford, Massachusetts 02745 (the "**Premises**").

11. Landlord and Tenant entered into that certain Lease Agreement dated as of October 22, 2012 (the "**Original Lease**"), as amended by that certain First Amendment to Lease Agreement dated as of September 1, 2013 (the "**First Amendment**"), that certain Second Amendment to Lease Agreement dated as of August 30, 2019 (the "**Second Amendment**"), and that certain Third Amendment to Lease Agreement dated as of July 22, 2020 (the "**Third Amendment**"; the Original Lease, as amended by the First Amendment, the Second Amendment, and the Third Amendment, is referred to herein as the "**Lease Agreement**"), pursuant to which Landlord leases to Tenant, and Tenant leases from Landlord, the Premises.[1]

12. Pursuant to the Lease Agreement (including Section 5(a) of the Original Lease, as modified by Section 3 of the Second Amendment), Tenant is obligated to pay to Landlord Fixed Rent (as that term is defined in the Lease Agreement) on or before the first day of each and every month during the term of the Lease Agreement.

13. Pursuant to the Lease Agreement (including Section 5(d) of the Original Lease), if Tenant fails to pay any Fixed Rent within 10 days after due, the amount unpaid will be subject to: (i) a late payment charge; and (ii) interest on all such unpaid sums (other than the late payment charge).

14. Pursuant to Section 18(a)(i) of the Original Lease, Tenant's failure to pay any installment of rent when it is due, and which failure is not cured within two business days after written notice that the same is due, constitutes an "event of default" by Tenant under the Lease Agreement.

15. Pursuant to that certain Amended and Restated Continuing Lease Guaranty dated on or about August 30, 2019 (the "**Guaranty Agreement**"), Vibra I and Vibra II (jointly and

---

[1] The Lease Agreement is deemed confidential per its terms and Landlord has accordingly not attached a copy to this Complaint. Landlord will request to file a copy of the Lease Agreement under seal at the appropriate time.

severally) guaranteed, absolutely and unconditionally, the payment of rent and all other sums required to be paid by Tenant under the Lease Agreement (the "**Guaranteed Payments**").[2]

16. Pursuant to the Guaranty Agreement, Vibra I and Vibra II further promised to pay all of Landlord's costs and expense (including reasonable attorney's fees) incurred in endeavoring to collect the Guaranteed Payments or to enforce the Guaranty Agreement.

17. On December 1, 2022, Tenant was obligated to pay to Landlord an installment of Fixed Rent.

18. Tenant failed to pay to Landlord the installment of Fixed Rent due and payable on December 1, 2022.

19. Pursuant to that certain notice dated December 2, 2022 (the "**First Notice**"), Landlord informed Tenant, Vibra I, and Vibra II that Tenant had not timely paid the required installment of Fixed Rent due and payable on December 1, 2022, and Landlord demanded such payment within two business days after delivery of the First Notice.[3]

20. Tenant did not pay to Landlord such installment of Fixed Rent within two business days after the delivery of the First Notice. Vibra I and Vibra II did not pay to Landlord such installment of Fixed rent within two business days after the delivery of the First Notice.

21. On January 1, 2023, Tenant was obligated to pay to Landlord an installment of Fixed Rent.

22. Tenant failed to pay to Landlord the installment of Fixed Rent due and payable on January 1, 2023.

---

[2] Landlord will request to file a copy of the Guaranty Agreement under seal at the appropriate time.
[3] The First Notice includes certain terms of the Lease Agreement and the Guaranty Agreement and Landlord has accordingly not attached a copy to this Complaint. Landlord will request to file a copy of the First Notice under seal at the appropriate time.

23.     Pursuant to that certain notice dated January 12, 2023 (the "**Second Notice**"), Landlord informed Tenant, Vibra I, and Vibra II that Tenant had not timely paid the required installment of Fixed Rent due and payable on January 1, 2023, and Landlord demanded such payment within two business days after delivery of the Second Notice.[4]

24.     Tenant did not pay to Landlord such installment of Fixed Rent within two business days after the delivery of the Second Notice.  Vibra I and Vibra II did not pay to Landlord such installment of Fixed rent within two business days after the delivery of the Second Notice.

25.     On February 1, 2023, Tenant was obligated to pay to Landlord an installment of Fixed Rent.

26.     Tenant failed to pay to Landlord the installment of Fixed Rent due and payable on February 1, 2023.

27.     Pursuant to that certain notice dated February 7, 2023 (the "**Third Notice**"), Landlord informed Tenant, Vibra I, and Vibra II that Tenant had not timely paid the required installment of Fixed Rent due and payable on February 1, 2023, and Landlord demanded such payment within two business days after delivery of the Third Notice.[5]

28.     Tenant did not pay to Landlord such installment of Fixed Rent within two business days after the delivery of the Third Notice.  Vibra I and Vibra II did not pay to Landlord such installment of Fixed rent within two business days after the delivery of the Third Notice.

29.     Vibra I breached the Guaranty Agreement by failing to meet its obligations therein with respect to Tenant's defaults under the Lease Agreement.

---

[4] The Second Notice includes certain terms of the Lease Agreement and the Guaranty Agreement and Landlord has accordingly not attached a copy to this Complaint.  Landlord will request to file a copy of the Second Notice under seal at the appropriate time.

[5] The Third Notice includes certain terms of the Lease Agreement and the Guaranty Agreement and Landlord has accordingly not attached a copy to this Complaint.  Landlord will request to file a copy of the Third Notice under seal at the appropriate time.

30. Vibra II breached the Guaranty Agreement by failing to meet its obligations therein with respect to Tenant's defaults under the Lease Agreement.

## COUNT I - BREACH OF LEASE AGREEMENT AGAINST TENANT

31. Landlord incorporates and re-alleges Paragraphs 1 through 30 above.

32. The Lease Agreement constitutes a valid and enforceable contract.

33. At all times mentioned herein, Landlord fully performed its obligations and duties under the Lease Agreement.

34. Tenant was obligated to pay to Landlord the required monthly installments of Fixed Rent on December 1, 2022, January 1, 2023, and February 1, 2023.

35. Landlord notified Tenant that it had failed to pay the required monthly installments of Fixed Rent and demanded payment within two business days after delivery of notice of such non-payment.

36. Tenant failed to make the required payments within two business days after delivery of notice of non-payment.

37. Tenant's breach was material and has caused Landlord damages, including the amounts of the required payments of Fixed Rent, plus interest thereon, the late payment charge due in connection therewith, and attorneys' fees and costs and expenses of this lawsuit, and an award of such other relief as this Court determines is proper.

## COUNT II - BREACH OF GUARANTY AGREEMENT AGAINST VIBRA I

38. Landlord incorporates and re-alleges Paragraphs 1 through 30 above.

39. The Guaranty Agreement is a valid and enforceable contract.

40. Vibra I absolutely and unconditionally guaranteed the payment of the Guaranteed Payments pursuant to the Guaranty Agreement.

41. Tenant failed to pay the required monthly installments of Fixed Rent on December 1, 2022, January 1, 2023, and February 1, 2023.

42. Vibra I breached the terms of the Guaranty Agreement by failing to guarantee the payment of Tenant's rent obligations under the Lease Agreement.

43. Vibra I's breach was material and has caused Landlord damages, including the amounts of the required payments of Fixed Rent, plus interest thereon, the late payment charge due in connection therewith, and attorneys' fees and costs and expenses of this lawsuit, and an award of such other relief as this Court determines is proper.

### COUNT III - BREACH OF GUARANTY AGREEMENT AGAINST VIBRA II

44. Landlord incorporates and re-alleges Paragraphs 1 through 30 above.

45. The Guaranty Agreement is a valid and enforceable contract.

46. Vibra II absolutely and unconditionally guaranteed the payment of the Guaranteed Payments pursuant to the Guaranty Agreement.

47. Tenant failed to pay the required monthly installments of Fixed Rent on December 1, 2022, January 1, 2023, and February 1, 2023.

48. Vibra II breached the terms of the Guaranty Agreement by failing to guarantee the payment of Tenant's rent obligations under the Lease Agreement.

49. Vibra II's breach was material and has caused Landlord damages, including the amounts of the required payments of Fixed Rent, plus interest thereon, the late payment charge due in connection therewith, and attorneys' fees and costs and expenses of this lawsuit, and an award of such other relief as this Court determines is proper.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff HC-4499 Acushnet Avenue, LLC requests that the Court enter judgment against Defendants 4499 Acushnet Avenue Operating Company, LLC, Vibra

Healthcare, LLC, and Vibra Healthcare II, LLC for damages, including interest, late payment charges, pre-judgment and post-judgment interest, and attorneys' fees and costs, and award such other relief as this Court determines is proper.

>Respectfully Submitted,
>
>By Plaintiffs' attorney,
>
>*/s/ Ian Epperson-Temple*
>Ian Epperson-Temple (MA BBO 699463)
>Paul A. McDermott* (FL Bar # 855901)
>Cameron R. Hall* (FL Bar # 1003872)
>(*pro hac vice forthcoming*)
>**HOLLAND & KNIGHT LLP**
>10 St. James Avenue
>Boston, Massachusetts 02116
>(617) 523-2700
>ian.epperson-temple@hklaw.com

Dated: February 13, 2023.